UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
DEC 26 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Tarani-Alike Johnson, et al.,
    *Plaintiffs,*

v.

WELLS FARGO BANK, N.A., et al.,
    *Defendants.*

CV 25 10992 KAW

CASE NO. _____

## DECLARATION OF TARANI-ALIKE JOHNSON IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

I, Tarani-Alike Johnson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct of my own personal knowledge:

1. I am the Plaintiff in this action and owner of the property located at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131 (the "Property"). I submit this declaration in support of the Emergency Motion for Temporary Restraining Order.

2. I am an adult resident of Philadelphia, Pennsylvania. I have personal knowledge of all facts stated herein, and if called as a witness, I could and would testify competently thereto.

### EMERGENCY CIRCUMSTANCES

3. Defendants have scheduled a sheriff's sale of my family home for January 6, 2026. I learned of this sale date in or around December 2025. The sale is now only eleven days away.

4. If the sale proceeds on January 6, 2026, my family and I will lose our home. We will be displaced and homeless. My two minor children will lose the only home they have ever known.

5. The Property has been professionally appraised at $1,000,000. If sold at sheriff's sale, it will likely sell for far less than fair market value, causing me to lose approximately $679,900 in equity.

### JUDGE ROBERTS' FEBRUARY 4, 2025 ORDER

6. On February 4, 2025, the Honorable Joshua Roberts of the Court of Common Pleas of Philadelphia County entered an Order in the foreclosure case. A true and correct copy of Judge Roberts' Order is attached to the Complaint as Exhibit A.

7. In that Order, Judge Roberts found: "There is no judgment against Ms. Johnson" and "All of the execution and enforcement proceedings that transpired are void and a nullity, including the sale of the property at issue."

8. Judge Roberts' Order confirms what I have been saying for fifteen years: there is no valid judgment against me, and all attempts to enforce a judgment are void.

9. Despite Judge Roberts' clear ruling, Defendants have scheduled another sale for January 6, 2026. This demonstrates Defendants' bad faith and contempt for court orders.

**FALSE VERIFICATION AND FRAUDULENT FORECLOSURE**

10. This foreclosure case was initiated in April 2010 by a complaint filed by attorney Martha E. Von Rosenstiel on behalf of Wells Fargo Bank, N.A.

11. Attached to that complaint was a verification signed by Veronica Garcia, who identified herself as "Vice President of Loan Documentation" of Wells Fargo. Ms. Garcia swore under penalty of perjury that the statements in the complaint were true and correct to the best of her knowledge.

12. Ms. Garcia could not possibly have had personal knowledge of the facts in the complaint. The alleged mortgage was executed in 2007, and the alleged default began in 2009. Ms. Garcia was employed by Wells Fargo in 2010 and had no involvement in the 2007 transaction.

13. I believe Ms. Garcia was a "robo-signer" who signed verifications without actually knowing whether the information was true. This is the kind of conduct that has been condemned by courts across the country during the foreclosure crisis.

**IMPACT ON MY FAMILY**

14. I live in the Property with my husband, [Husband's Name], and our two minor children, V.A.L. and L.T.L.

15. My son, L.T.L, has a pre-existing developmental delay. He requires specialized services and a stable home environment. The stress of this fifteen-year foreclosure has severely impacted his development.

16. L.T.L. began to cognitively decline and regress as a result of the stress and instability caused by this foreclosure. He had to be assigned a behavioral specialist. He lost access to critical social services when I could not prove ownership of the Property due to the fraudulent sheriff's deed filed in May 2023.

17. My daughter, V.T.L., was suddenly removed from her private school mid-semester because we could no longer afford tuition due to the financial strain of this foreclosure. This was traumatic for her and disrupted her education and friendships.

18. V.A.L. began experiencing difficulty with focus and attention in school as a result of the stress. She was assigned to a school psychologist.

19. Both of my children have been unable to play freely in their own yard because strangers have repeatedly trespassed on the Property to photograph and survey it in preparation for foreclosure sales.

20. If we lose our home on January 6, 2026, the impact on my children will be devastating, particularly on my son with special needs. I fear his development will be permanently harmed.

## IMPACT ON ME PERSONALLY

21. This fifteen-year foreclosure has consumed my life. I have suffered severe emotional distress, anxiety, depression, and fear of losing my home.

22. I have developed physical health problems caused or exacerbated by the stress, including [to be specified].

23. I have been unable to obtain business financing or pursue business opportunities due to the fraudulent liens and damaged credit caused by this wrongful foreclosure.

24. I have been unable to sell or refinance the Property due to the fraudulent sheriff's deed that was recorded on May 30, 2023.

## NO LOAN FUNDS RECEIVED

25. I have never received any loan proceeds or funding from World Savings Bank, FSB, Wachovia Bank, N.A., or Wells Fargo Bank, N.A. No funds were ever disbursed to me. I do not know what happened to any alleged loan proceeds.

26. Wells Fargo has never produced the original promissory note or mortgage. At trial in 2015, Wells Fargo's witness, Amy Cullen, testified that there was "NO indication of how the Note was transferred, NO indication of when the Note was transferred, nor ANY indication that there was ever any type of transfer of the Note."

## K-1 DISTRIBUTION TO WELLS FARGO

27. In tax year 2024, as Trustee of the Tarani Alike Johnson Living Trust, I issued a Schedule K-1 to Wells Fargo Bank, N.A. showing a distribution of $1,076,573.

28. Wells Fargo received this K-1 and never filed IRS Form 8082 to dispute it. By failing to dispute the K-1, Wells Fargo accepted the distribution.

29. The K-1 distribution of $1,076,573 far exceeds the alleged debt of approximately $392,000. Even if a valid debt existed (which I deny), it has been paid in full and then some.

## IRREPARABLE HARM

30. If the January 6, 2026 sale proceeds, I will suffer irreparable harm that cannot be remedied by money damages:

   a. I will lose my family home worth $1,000,000;

b. I will lose approximately $679,900 in equity;

c. My minor children will be displaced from their home;

d. My son's developmental progress will be permanently damaged;

e. Once the Property is sold, it may be difficult or impossible to get it back;

f. Money damages cannot compensate for the loss of the family home and the harm to my children.

31. I respectfully request that this Court issue a Temporary Restraining Order immediately to stop the January 6, 2026 sale and preserve the status quo while this Court considers the merits of my claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: December 26, 2025

At: Philadelphia, Pennsylvania

Bye: _/s/ Tarani-Alike Johnson_, *sui juris*
Tarani-Alike Johnson
**Declarant**