UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARANI-ALIKE JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>Defendants. | Case No. 25-cv-10992-HSG<br><br>**ORDER REGARDING PLAINTIFFS' EX PARTE MOTION**<br><br>Re: Dkt. No. 3 |

Pending before the Court is Plaintiffs' pro se ex parte application for a temporary restraining order ("TRO"). *See* Dkt. No. 3. Plaintiffs seek a TRO preventing Defendants from conducting a sheriff's sale of Plaintiffs' family home on January 6, 2026. *See* TRO at 1. The property at issue is located at 2285 Bryn Mawr Avenue, Philadelphia, PA 19131. Dkt. No. 1 ("Compl.") ¶ 11. Most relevant to this TRO, Plaintiffs allege that a February 2025 order in the Court of Common Pleas of Philadelphia County set aside the sale on this property and voided enforcement proceedings from the 2018 Philadelphia foreclosure verdict because no judgment had ever been entered. TRO at 2; Compl. ¶¶ 27–28; *see also* TRO, Ex. B at 19 (2025 order).[1]

A TRO is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Under Federal Rule of Civil Procedure 65, a TRO may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). However, Rule 65(b)(1) only allows a court to issue a TRO without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

---

[1] The Court notes that there appears to be another, earlier-filed case in the Eastern District of Pennsylvania regarding the same claims and property. *See Johnson v. Wells Fargo Bank, N.A.*, Case No. 23-cv-03091-JMY (E.D. Penn.). Plaintiffs seek to transfer this action to that district for relation, so it is unclear why they chose to file the action here in the first place. *See* Dkt. No. 4.

1   damage will result to the movant before the adverse party can be heard in opposition; and (B) the
2   movant's attorney certifies in writing any efforts made to give notice and the reasons why it
3   should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

4       Plaintiffs argue that notice should not be given because they could not serve the documents
5   and get a response before the January 6 sale. Dkt. No. 3-3 ¶ 5. The Court disagrees. While full
6   service of process may take too long, Plaintiffs can adequately give electronic notice for the
7   purposes of Rule 65 before the January 6 sale. Plaintiffs state that Defendants "may attempt to
8   accelerate the sale to January 2 or January 3, 2026, before the Court can rule on the motion." *Id.*
9   ¶ 7. Defendants apparently served Plaintiff Tarani Johnson about the January 6 sale almost a
10  month ago on December 2, 2025, and the Court sees no credible reason that they would suddenly
11  try and shift deadlines to subvert the Court's authority now. *See* TRO, Ex. A at 11–12.[2]

12      Accordingly, the Court requires notice to Defendants before ruling on Plaintiffs' motion
13  for a temporary restraining order. The Clerk is **DIRECTED** to serve this Order on Plaintiffs
14  electronically at taranij@gmail.com and by mail at 45 East City Avenue, Suite 503, Bala Cynwyd,
15  PA 19004. Plaintiffs are **DIRECTED** to electronically serve by email this Order; the complaint
16  (Dkt. No. 1); and the motion for temporary restraining order (Dkt. No. 3) on M. Troy Freedman[3]
17  or some other legal representative from Wells Fargo by 5:00 p.m. Pacific time on Tuesday,
18  December 30, 2025. Plaintiffs must also file by Wednesday, December 31, 2025, a declaration
19  and any supporting proof explaining the steps they took to serve Defendants, including specifying
20  the email address(es) to which they sent the materials listed above. Should Defendants oppose the
21  relief sought by Plaintiffs, Defendants must file a response no later than 12:00 noon Pacific time
22  on Monday, January 5, 2026. The motion will stand submitted at that time unless otherwise
23  ordered.

---

[2] It is unclear why Plaintiffs waited until December 26, 2025, to file this application.

[3] It appears that Mr. Freedman served notice of the sale on Plaintiffs. TRO at 7.

**IT IS SO ORDERED.**

Dated: 12/29/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge