United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TARANI-ALIKE JOHNSON, et al.,

Plaintiffs,

v.

WELLS FARGO BANK N.A., et al.,

Defendants.

Case No. 25-cv-10992-HSG

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 3

Pending before the Court is Plaintiffs' pro se motion for a temporary restraining order ("TRO"). *See* Dkt. No. 3 ("Mot."). The Court **DENIES** the request.

## I. BACKGROUND

On December 26, 2025, Plaintiffs filed a complaint broadly alleging that a 2018 Pennsylvania state court foreclosure verdict against their property is void for lack of subject matter jurisdiction, failure to enter a judgment, and failure to revive a lien that expired in 2023. *See* Dkt. No. 1 ("Compl.") ¶¶ 26–29.[1] Plaintiffs also assert several claims against law firms, judges, and individuals involved in the proceedings, including for fraud, conspiracy, RICO violations, and perjury. *Id.* ¶¶ 15–20. In total, Plaintiffs assert twenty-six different counts against Defendants, ranging from fraud to due process violations. *Id.* ¶¶ 41–66.

This is not Plaintiffs' first lawsuit. Plaintiffs have filed several actions involving the same property and similar claims in the Eastern District of Pennsylvania. *See, e.g.*, *Johnson v. Wells Fargo Bank, N.A.*, Case No. 23-cv-03091-JMY (E.D. Pa.). Plaintiff Tarani Johnson has been declared a vexatious litigant and has been enjoined from filing cases in the Eastern District of

[1] The property at issue is located at 2285 Bryn Mawr Avenue, Philadelphia, PA 19131. Compl. ¶ 11.

Pennsylvania that name Wells Fargo as a defendant and raise claims relating to or arising out of this foreclosure litigation. *Johnson v. Wells Fargo Bank, N.A.*, Case No. 23-cv-01376-KBH (E.D. Pa. Apr. 30, 2024), Dkt. No. 36 at 5–6 (also noting six related bankruptcy cases).[2]

Plaintiffs seek a TRO preventing Defendants from conducting a sheriff's sale of Plaintiffs' family home on January 6, 2026. *See* Mot. at 1. Most relevant to this TRO, Plaintiffs allege that a February 2025 order in the Court of Common Pleas of Philadelphia County set aside the sale on this property and voided enforcement proceedings from the 2018 foreclosure verdict because no judgment had ever been entered. Mot. at 2; Compl. ¶¶ 27–28; *see also* Mot., Ex. B at 19 (February 2025 Order). Plaintiffs have also moved for a temporary restraining order in bankruptcy court. *See Johnson v. Wells Fargo Bank, N.A.*, Case No. 22-bk-12668-DJB (Bankr. E.D. Pa. Dec. 19, 2025), Dkt. No. 159.

The Court ordered Plaintiffs to give notice to apparent counsel for Defendant Wells Fargo, M. Troy Freedman, by December 30, 2025, and ordered Defendants to respond by January 5, 2026. Dkt. No. 9 at 2. Plaintiffs emailed Mr. Freedman and detailed their attempts at service, as ordered. Dkt. No. 10 (affidavit of service). Defendants did not respond.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking preliminary relief must normally establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an

[2] Plaintiffs have also filed a motion to transfer this case to the Eastern District of Pennsylvania. *See* Dkt. No. 4. Plaintiffs candidly acknowledge that they filed here to avoid the vexatious litigant order, and they seek a restraining order before being transferred back into the venue where their property is located. *See* Dkt. No. 11 at 3. While the Court appreciates Plaintiffs' candor, it has serious concerns about Plaintiffs' attempt to skirt a district court order (consuming more court resources in the process), and it will address this more fully in a future order.

extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" and "a balance of hardships that tips sharply towards the [movant], . . . so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**III. DISCUSSION**

Plaintiffs argue that they have a strong likelihood of success on the merits because "no judgment was ever entered" in the state court. Mot. at 3. They rely heavily on a February 2025 Pennsylvania state court ruling, which held that "the trial finding in favor of Wells Fargo . . . was never reduced to a judgment," and "all of the execution and enforcement proceedings that transpired are void and a nullity, including the sale of the property at issue." *See* February 2025 Order at 19 n.1; Mot. at 3 (discussing order). Plaintiffs also argue that (1) the federal courts have exclusive federal jurisdiction under 12 U.S.C. § 632 over civil actions involving national banks; (2) any lien from the 2018 verdict would have expired in 2023; (3) the foreclosure action was the result of a false verification made in 2010 and is the result of fraud on the court; and (4) Plaintiffs' debt has already been satisfied in full. *Id.* at 3–4.

Plaintiffs have not shown a likelihood of success, or even "serious questions" going to the merits, as to the relief they seek. The Court likely lacks jurisdiction to halt the sheriff's sale under the *Rooker-Feldman* doctrine. The doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). It applies unless Congress has granted federal district courts statutory authority to review certain state court judgments. *See id.* at 1043. The Ninth Circuit has interpreted *Rooker-*

United States District Court
Northern District of California

*Feldman* to bar jurisdiction "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

Plaintiffs' application claims that the state court's verdict is void and the sale unlawful and asks the Court to restrain state officers from carrying out a state court judgment.[3] This kind of relief is routinely barred by the *Rooker-Feldman* doctrine. *See Tagoia v. Wells Fargo Bank, N.A.*, No. 17-CV-06777-YGR, 2018 WL 1156836, at *3 (N.D. Cal. Mar. 5, 2018) (declining to enjoin writ of execution where "the requested temporary restraining order . . . would, if granted, invalidate the [state court] judgment in the unlawful detainer proceeding"); *Sweeney v. Carringer*, No. 25-CV-03148-JST, 2025 WL 2597543, at *3 (N.D. Cal. July 24, 2025) ("The requests to vacate a sheriff's auction ordered by the state court and to enjoin further enforcement by that court amount to 'the de facto equivalent of' an appeal of state court decisions."). Plaintiffs also seek to relitigate issues, such as the expiration of the lien and the validity of the underlying judgment, which have recently been considered and denied by the state court. *See Wells Fargo Bank, N.A. vs. Johnson*, Case No. 100401188 (Pa. C.P., Philadelphia), Dkt. No. 29-25121829 (motion to strike writ of execution for lack of judgment, expired lien, denied in December 11, 2025 order). Accordingly, Plaintiff seeks to enjoin a state court judgment by relitigating the state court's decisions. The Court has no jurisdiction to review or invalidate the state court's judgment.

Plaintiffs contend that *Rooker-Feldman* does not apply because the February 2025 Order stated that "there is no judgment against Ms. Johnson." Compl. ¶ 10 (quoting order). While the February order held that there was not a valid judgment at that time, judgment was subsequently entered on April 2, 2025. *Wells Fargo Bank, N.A. vs. Johnson*, Case No. 100401188 (Pa. C.P., Philadelphia). Plaintiffs do not explain why that judgment does not control here. Plaintiffs challenged the validity of the judgment in state court through a motion to strike the purported judgment as void ab initio, which Judge Roberts denied on December 11, 2025. *See id.*, Dkt. No.

---

[3] From the state court docket, a writ of execution was issued on June 9, 2025. *See Wells Fargo Bank, N.A. vs. Johnson*, Case No. 100401188 (Pa. C.P., Philadelphia). Plaintiffs do not seem to dispute that a writ of execution was issued.

26-25121826. A writ of execution was also issued on June 9, 2025, and Judge Roberts rejected Plaintiffs' challenge to the validity of that writ on December 11, 2025. *See id.*, Dkt. No. 29-25121829. As a result, Plaintiffs have not sufficiently demonstrated the absence of a state court judgment authorizing the sale.

Plaintiffs also argue that *Rooker-Feldman* does not apply because they assert "independent federal claims arising from Defendants' conduct, not from state court rulings." Compl. ¶ 10. Plaintiffs assert that Defendant Veronica Garcia—allegedly identified as "Vice President of Loan Documentation" for Wells Fargo in the original foreclosure action—could not have had personal knowledge of the facts she attested to in the foreclosure action, *id.* ¶ 22–23, and thus the 2018 verdict was "initiated by a false verification," constituting fraud on the court and "warranting relief from any verdict or judgment." Mot. at 4. It is true that "*Rooker–Feldman* . . . does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). But even if that exception applied here, Plaintiffs have not adequately established a likelihood of success to warrant the extraordinary remedy of a TRO, since they only conclusorily assert that Defendant Garcia was a robo-signer, do not explain what was false in the verification, do not explain why someone cannot have personal knowledge just because they were not present at the time of the original transaction, and do not explain why a false verification would warrant the relief requested here.

Finally, Plaintiffs argue that *Rooker-Feldman* does not apply because this suit falls within the exclusive jurisdiction of the federal courts under 12 U.S.C. § 632. Compl. ¶ 10. But that statute only confers exclusive jurisdiction on actions "arising out of the receipt, possession, or disposition" of "property from or for the account of a foreign state which is recognized by the Government of the United States, or from or for the account of a central bank of any such foreign state." 12 U.S.C. § 632.

Plaintiffs thus fail to establish a likelihood of success on the merits so as to warrant the extraordinary remedy of a temporary restraining order, and the Court thus need not reach any of the other factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (explaining that

United States District Court
Northern District of California

"[b]ecause it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements" (quotations omitted and alterations adopted)).[4]

## IV. CONCLUSION

The Court **DENIES** Plaintiffs' TRO application, Dkt. No. 3.

**IT IS SO ORDERED.**

Dated: 1/5/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

[4] Plaintiffs cite multiple cases that the Court could not locate. *See* Mot. at 4 (citing *Brownell v. Bank of Am., N.A.*, 886 F.3d 1073, 1076 (9th Cir. 2018), and *Friedman v. Bank of Am., N.A.*, 970 F.3d 477, 480 (3d Cir. 2020)). The Court reminds Plaintiffs that they have an obligation to confirm the accuracy of all representations they make to the Court, and further inaccuracies may result in an order to show cause or sanctions.