UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TARANI-ALIKE JOHNSON, et al.,

Plaintiffs,

v.

WELLS FARGO BANK N.A., et al.,

Defendants.

Case No. 25-cv-10992-HSG

**ORDER DISMISSING CASE FOR IMPROPER VENUE**

Plaintiffs filed a complaint broadly alleging that a 2018 Pennsylvania state court foreclosure verdict against their property is void. *See* Dkt. No. 1 ("Compl.") ¶¶ 26–29. On January 21, 2026, the Court ordered Plaintiffs to show cause why the case should not be dismissed for improper venue. Dkt. No. 14. Plaintiffs filed an amended complaint, Dkt. No. 15 ("FAC"), and a response, Dkt. No. 16. Defendants have not yet responded or been served.

"Venue may be raised by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run." *Serna v. Sullivan*, No. 18-CV-03446-YGR (PR), 2018 WL 6047087, at *1 (N.D. Cal. Nov. 19, 2018) (citing *Costlow v Weeks,* 790 F.2d 1486, 1488 (9th Cir 1986)). Venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). Where venue is improper, the "district shall dismiss, or if it be in the interest of justice, transfer such case." 28 U.S.C. § 1406(a). Dismissal for improper venue must be without prejudice. *In re Hall,*

*Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

Venue here is plainly improper.  First, Plaintiffs do not allege that any Defendant except for Wells Fargo resides in California.  *See* FAC ¶¶ 7–8, 13–20; 28 U.S.C. § 1391(b)(1).  Second, Plaintiffs' original complaint asserted that venue was proper under 28 U.S.C. § 1391(b)(2) "because substantial parts of the events giving rise to these claims occurred in this District, including (a) Wells Fargo's corporate decision-making regarding foreclosure policies conducted by officers in this District; (b) Wells Fargo's preparation and authorization of false tax documents; [and] (c) Wells Fargo's decision to proceed with the January 6, 2026 sale."  Compl. ¶ 9.[1]  But Plaintiffs did not allege any facts supporting these conclusory assertions, and their complaint mentioned California only twice to describe where Wells Fargo operates.  *Id.* ¶¶ 3, 8.  Plaintiffs' amended complaint alleges even less, stating only that "[v]enue was initially asserted in this District based on Wells Fargo's principal place of business and corporate decision-making."  FAC ¶ 7.  Finally, since venue would have been proper in Pennsylvania, 28 U.S.C. § 1391(b)(3) does not apply.  In their response to the Court's order to show cause, Plaintiffs concede that "the Eastern District of Pennsylvania is the most appropriate forum," and "[t]his action concerns real property located in Philadelphia, Pennsylvania, foreclosure and execution proceedings conducted in the Court of Common Pleas of Philadelphia County, and enforcement activity undertaken by Pennsylvania actors."  Dkt. No. 16 at 1.

Plaintiffs ask the Court to transfer this case, rather than dismissing it.  *Id.* at 1–2.  Transferring this case would not be in the interest of justice.  Plaintiffs admit they filed this case here to avoid a vexatious litigant order in the Eastern District of Pennsylvania, hoping that this Court would grant their temporary restraining order and then transfer the case back to Pennsylvania.  *Id.*; Dkt. No. 11 at 3; *see also* Dkt. No. 4 (motion to transfer).  But the Court cannot assist this acknowledged effort to circumvent district court orders.[2]  Plaintiffs had multiple

---

[1] Plaintiffs also originally alleged venue was proper under 12 U.S.C. § 94.  Compl. ¶ 8.  That provision only applies to a "proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association."

[2] It's doubtful that transfer would achieve Plaintiffs' goals at this point.  The Eastern District of

2

adequate remedies available, including seeking relief in state court or bankruptcy court, or seeking leave to file in the Eastern District of Pennsylvania. Instead of allowing those remedies to play out, they filed this case that has no clear connection to this forum. The Court understands that the stakes are high here, where Plaintiffs' home is on the line, but this was not the correct venue to seek relief. Accordingly, the Court **DISMISSES** Plaintiffs' complaint **WITHOUT PREJUDICE** but without leave to amend. The Clerk is directed to close the file. This order **TERMINATES** Dkt. No. 2.

**IT IS SO ORDERED.**

Dated:   1/29/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

Pennsylvania's order requires that Plaintiff Johnson "obtain leave from the Court to continue any actions . . . transferred from another federal district court." *Johnson v. Wells Fargo Bank, N.A.*, Case No. 23-cv-01376-KBH (E.D. Pa. Apr. 30, 2024), Dkt. No. 36 at 4.

United States District Court
Northern District of California